469 F.2d 671
 Gerald Lee GRIFFIN and Elizabeth Griffin, his wife,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
UNITED STATES of America, Third-Party Plaintiffs-Appellants,
v.
MATSON TERMINALS, INC., Third-Party Defendant-Appellee.
 Nos. 71-1215, 71-1154.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 10, 1972.
 
 Paul D. Jackson (argued), of Schroeter, Jackson, Goldmark & Bender, Seattle, Wash., for the Griffins.
 Allan J. Weiss, Atty. (argued), John Meadows, Atty., Admiralty & Shipping Section, San Francisco, Cal., Stan Pitkin, U. S. Atty., Seattle, Wash., for the United States.
 Edward S. Franklin (argued), of Bogle, Gates, Dobrin, Wakefield & Long, Seattle, Wash., for Matson Terminals, Inc.
 Before CHOY and GOODWIN, Circuit Judges, and SOLOMON, District Judge.*
 ALFRED T. GOODWIN, Circuit Judge:
 
 
 1
 In these combined appeals, Griffin, an injured longshoreman, appeals the dismissal of his damage action against the shipowner (the United States). The government also has appealed the dismissal of its indemnity claim against Matson, the stevedoring company.
 
 
 2
 Griffin, while following a fellow workman up a ladder for the lunch break, sustained a severe eye injury when he was struck by a falling object dislodged near the top of the ladder.
 
 
 3
 Griffin contended that the vessel was unseaworthy because dangerous debris was permitted to accumulate in a place where it could fall and injure a workman. The evidence supported this contention.
 
 
 4
 The district court found that the injury was not caused either by the negligence of the shipowner or by unseaworthiness.
 
 
 5
 Both sides rely upon Usner v. Luckenbach Overseas Corp., 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971). While unloading a barge, a winch operator negligently lowered the sling on Usner and knocked him to the deck. There was no defect in the winch or the sling. The Supreme Court held that the "operational negligence" of the stevedoring contractor did not instantaneously make the vessel unseaworthy. The important point in Usner was thus expressed:
 
 
 6
 "What caused the petitioner's injuries in the present case, however, was not the condition of the ship, her appurtenances, her cargo, or her crew, but the isolated, personal negligent act of the petitioner's fellow longshoreman. To hold that this individual act of negligence rendered the ship unseaworthy would be to subvert the fundamental distinction between unseaworthiness and negligence that we have so painstakingly and repeatedly emphasized in our decisions * *." 400 U.S. at 500, 91 S.Ct. at 518 (footnotes omitted).
 
 
 7
 In Usner, then, the cause of the longshoreman's injuries was the mishandling of the winch by a fellow workman at one point in time. 400 U.S. at 500, 91 S.Ct. 514. No potentially unsafe preexisting condition was actuated.
 
 
 8
 Tim v. American President Lines, Ltd., 409 F.2d 385 (9th Cir. 1969), involved a similar problem. Tim, a crewman of the S.S. President Tyler, was hurt when a gantry-crane operator employed by the stevedore company started the crane while Tim was repairing it. The accident had nothing to do with any foreseeably unsafe condition of the vessel, her apparel, her crew, or her cargo.
 
 
 9
 On the other hand, we have cases in which negligent operation of equipment activated a latent but dangerous condition to produce the injury. In these circumstances, unseaworthiness is present. See, e. g., Mahnich v. Southern S. S. Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944), and Crumady v. The J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959).
 
 
 10
 Griffin's case is more like Mahnich and Crumady than like Usner and Tim. The unidentified object that struck Griffin was in a place near the top of the ladder where it could be dislodged by a workman using the ladder in a normal manner.
 
 
 11
 The district court erred in holding that the falling object must be part of the ship's equipment before unseaworthiness can be found. In Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960), the unseaworthy condition which caused the plaintiff's injury was fish gurry and slime on the ship's rail. Here, it was an unidentified object on or about the top of the escape ladder where it could be kicked down by a workman.
 
 
 12
 There may be an argument about the negligence of the fellow workman who dislodged the object, but this question belongs in the indemnity phase of the case. It does not affect Griffin's claim. An unseaworthy condition that causes no damage until brought into play by the negligence of a longshoreman employed by the stevedore is nonetheless an unseaworthy condition in the workman's action against the shipowner. E. g., Alaska Steamship Co. v. Garcia, 378 F.2d 153 (9th Cir. 1967).
 
 
 13
 We hold that the finding implicit in the district court's dismissal of Griffin's case is clearly erroneous. The ship was unseaworthy. The causes must be remanded, to determine damages and to resolve the indemnity claim.
 
 
 14
 Reversed and remanded.
 
 
 
 *
 The Honorable Gus J. Solomon, United States District Judge for the District of Oregon, sitting by designation